MATTER OF DELIS

In Visa Petition Proceedings

A-12776610

*Decided by Regional Commissioner October 25, 1966*

Beneficiary, who has had no specialized training in the art of teaching and who does not have a baccalaureate degree, having only a diploma as a language teacher awarded by a teacher's college following 3 years of general college (normal school) study, is denied preference classification as a teacher under section 203(a)(3) of the Immigration and Nationality Act, as amended by P.L. 89-236, since the term "teacher" within the meaning of section 101(a)(32) of the Act, as amended, generally contemplates one who has at least a baccalaureate degree from an accredited institution of learning or has received specialized training or experience which may be equated therewith.

This matter is before the Regional Commissioner on appeal from the decision of the District Director at New York, New York, who has denied the petitioner's request for preference in the issuance of an immigrant visa under section 203(a)(3) of the Immigration and Nationality Act, as amended, on the ground that the petitioner has not established that she has the qualifications of a member of the professions as included in section 101(a)(32) of the Immigration and Nationality Act.

The petitioner is a 24-year-old single female who was last admitted to the United States on August 15, 1962, at Buffalo, New York, as a student destined to the Greek Archdiocese Institute of St. Basil, Garrison, New York. Extensions of stay were granted to her to December 22, 1965. The petitioner's present request was received on April 12, 1966, together with a certification that she attended the Academy of St. Basil, Garrison, New York, between September 1962 and June 1965 at which time she was graduated. During her attendance at this school the petitioner successfully completed courses in religion, English (elementary and college), history (United States, Greek and Byzantine), education, psychology, philosophy, science (chemistry, introduction to biology), music, typing, and

physical education. She was awarded a diploma as a Greek language teacher by St. Basil's Academy Teachers' College.

In support of this appeal counsel has pointed out that during the school year, September 1965 to June 1966, the petitioner was assigned to teach Greek to the Chelsea Greek-American Day School in New York, New York; that she has been reengaged for this position for the coming school year; and that this school is accredited by the Greek Archdiocese in the United States and functions under the supervision of its Department of Parochial Education. Counsel has also pointed out that prior to the amendments to the Immigration and Nationality Act contained in Public Law 89–236, the graduates of the normal school at St. Basil's Academy were granted first preference immigrant status. It is counsel's contention that nothing transpired during the hearings before the Committees of the House and Senate during its consideration of the amendments contained in Public Law 89–236 which establishes that it was the wish or intention of Congress that these foreign language normal school teachers would be placed in the "skilled or unskilled labor" category under section 203(a)(6) of the Immigration and Nationality Act, as amended.

Counsel's brief states further that there is nothing in the Congressional Record justifying the position of the District Director at New York, New York, in requiring a "baccalaureate background" as a condition precedent to the approving of a petition for preference under section 203(a)(3) of the Immigration and Nationality Act, as amended, and that the District Directors at Hartford, Connecticut and Boston, Massachusetts have both approved petitions for preference under this section of the law for the petitioner's classmates at St. Basil's Academy who have had the same education and who are similarly employed to teach in other Greek parochial schools of the Greek Archdiocese in Brockton, Massachusetts and Stamford, Connecticut. Counsel has supplemented the material contained in his brief by a news item from the New York Times of September 4, 1966 in regard to the critical scarcity of teachers in the nation's schools and a report from the American Bar Association Journal of August 1966 by Irving Appleman, Appellate Trial Attorney for the Immigration and Naturalization Service, in regard to changes in the Immigration and Nationality Act resulting from the amendments included in Public Law 89–236.

In the enactment of these amendments to the Immigration and Nationality Act Congress has established two new standards for preference in the issuance of immigrant visas to aliens whose services are desired in this country because of their education, training, skill

or experience. Congress in describing the first of these two classes used the term "professions" and has set out examples of some of the professions which it desired to include within this group. In examining the professions included within this group it is apparent that the general characteristic which these professions have in common is that of advanced or specialized education. While the titles of these professions are used throughout the United States and generally throughout the world, the qualifications for one to be included in these professions vary from state to state and in many foreign countries the privilege of advertising oneself under these professional titles requires advanced education and compliance with a rigid set of standards. In some jurisdictions licensing by state authorities or the awarding of advanced degrees by approved institutions of higher learning is essential. Because of the substantial variance in the high educational background or the specialized technical training and/or experience required, all people who at some time and in some place have been included within these classes are not accepted as members of these professions nor permitted to practice their professions in the United States.

Teaching, as a profession, over the years has been the subject of much discussion and regulation within the various states of the United States and has in most jurisdictions become a well-known profession requiring minimum educational standards. At the present time in most jurisdictions within the United States applicants for teaching positions in public elementary and secondary schools, and to a progressively increasing proportion in private schools, are required to have an educational background which is equivalent to a baccalaureate degree and frequently are required to have received specialized training in the art of teaching.

On the basis of the foregoing it is concluded that the term "teacher" as used by Congress in its enactment of section 101(a)(32) of the Immigration and Nationality Act, as amended, meant a teacher with the educational background usually required throughout the United States. Generally, a person to be qualified as a teacher would have to have been awarded a baccalaureate degree by an accredited institution of learning. In those situations where the applicant had received specialized education, training or experience, which is the equivalent of the education required by the recipient of a baccalaureate degree in an accredited college in this country, the applicant might also be found to be a qualified teacher.

The applicant in the instant proceeding has not been awarded a baccalaureate degree nor has she had specialized training in the art of teaching. Her teaching experience is limited to instructing in the

Greek language, possibly on a part-time basis, and for a very limited period of time. Under the circumstances it must be found that the applicant has not established that she is a teacher within the meaning of section 101(a)(32). For this reason this petition for preference under section 203(a)(3) must be denied.

From the evidence of record it is concluded that the petitioner may be eligible for preference under section 203(a)(6) of the Immigration and Nationality Act and in dismissing this appeal it is done so without prejudice to the consideration of a new petition under section 203(a)(6) when accompanied by an appropriate certification from the Department of Labor.

*It is ordered* that this appeal be and the same is hereby dismissed without prejudice to the submission of a petition under section 203(a)(6) of the Immigration and Nationality Act by the petitioner's employer when accompanied by an appropriate certification from the United States Employment Service.

863