MATTER OF GOWANI

In Visa Petition Proceedings

A-17222130

*Decided by Regional Commissioner September 13, 1968*

Notwithstanding beneficiary's lack of academic education courses and actual experience in the teaching field, his high education in the field of Arabic language and journalism (Masters degree plus two years of research) and his many years of actual work experience in related fields qualifies him as a member of the teaching profession within the meaning of section 101(a)(32) of the Immigration and Nationality Act, as amended, and he is eligible for preference classification under section 203(a)(3) of the Act as a teacher of Arabic and journalism at the college level.

This case comes forward on appeal from the decision of the District Director, Los Angeles, who denied the petition on July 16, 1968, as follows:

Although you possess the equivalent of a Bachelor's degree in Arabic translation and journalism, you do not possess the necessary specialized training or experience in the art of teaching which would qualify you for professional recognition as a teacher (*Matter of Delis*, 11 I. & N. Dec. 860). However, if you should obtain an offer of employment in the United States, your prospective employer may petition to classify you as a sixth preference immigrant.

The petitioner is a 42-year-old married male, a native and citizen of the United Arab Republic where he resides with his wife and three minor children. He filed the present petition on February 2, 1968, for classification under section 203(a)(3) of the Immigration and Nationality Act, as amended, as a member of the professions to seek employment in California as a teacher of Arabic and journalism at the college level.

The record shows that in 1949 he was awarded a B.A. degree in the Arabic language by Cairo University, U.A.R., and in 1957 a diploma of Institute of Editing, Translation and Journalism from the same university. The Office of Education, Department of Health, Education and Welfare on April 30, 1968, evaluated his academic education as the equivalent of a Bachelor's degree in the

8

field of journalism with a major in editing and translation. From 1949 to 1957 he was employed in the Secretariat of Chamber of Deputies. From July 1, 1957, to March 3, 1966, he was head of the Executory Unit of the Eastern States subjects in the Migration Passports and Nationality Administration of Ministry of Interior. His duties were supervision over activities of employees specialized in studying cases of aliens who applied for temporary residence in the U.A.R. Since 1966 he has been with the Ministry of National Guidance, State Information Service where he supervises a staff of employees who specialize in reading and summarizing foreign newspapers.

The District Director denied the petition in that the petitioner did not have specialized training and experience in the field of teaching to supplement his Bachelor's degree and citing the *Matter of Delis*, 11 I. & N. Dec. 860, found the petitioner not qualified for recognition as a member of the professions.

On appeal the petitioner presented additional evidence of further education, evidence that he was graduated with a Ph. D. degree in March 1964, from the Department of Journalism of the University of Cairo. This additional evidence was submitted to the Office of Education, Department of Health, Education and Welfare, together with his lesser degree previously mentioned. On August 9, 1968, that office advised that the petitioner's high education was the equivalent of a Master's degree in Journalism plus two years of research.

On May 31, 1968, the Secretary of Labor issued a certification pursuant to section 212(a)(14) of the Act. It is noted however, that with the equivalent of a Master's degree the petitioner falls within the blanket certification of the Secretary of Labor as provided by 29 CFR 60, Schedule A, Group I.

The *Matter of Delis*, 11 I. & N. Dec. 860, relates to an elementary parochial school teacher and the discussion relating to educational background, teaching experience, state certification, and specialized experience to teaching at the elementary and secondary levels. In the present case petitioner is seeking employment at the college level.

The *Dictionary of Occupational Titles*, Volume II, published by the Department of Labor, shows that the terminal three digit code of faculty member (college) and teacher, secondary is .228 and goes on to state that for secondary school teachers state certification is necessary and that a Bachelor's degree is a minimum with many states requiring education courses and/or student teaching. However, the only requirement for teaching at the col-

9

lege or university level is a minimum of a Master's degree. The *Occupational Outlook Handbook*, also published by the Department of Labor, states that a minimum of a Master's is required to teach at the college level and goes on to state "a number of states that maintain public junior colleges require state certification for teaching in the two-year schools. To obtain such a certification a teacher must have received a Master's degree and taken certain courses in Education" and goes on to state "to enter college teaching, specialization in some subject field is necessary." The petitioner has a Master's degree and has specialization in Arabic and journalism which he wishes to teach.

While many college and university instructors have reached their positions by advancement through the ranks, prepared themselves academically for a teaching career and have been employed exclusively in the field of education, other college and university instructors are drawn from the men or women who have made a success in other professions. These men and women who have had no academic education courses, no student or teaching experience, are brought into colleges and universities to teach in their business specialties. They will teach from their personal knowledge and personal experience gained by years of personal involvement in their specialization and are not bound as closely to a fixed course of study or prepared textbooks as are teachers in the elementary or secondary levels.

Considering the petitioner's high education in the field of Arabic language and journalism and many years of actual work experience in related fields, we find that the petitioner is qualified for the preference classification he seeks. The appeal will be sustained and the petition granted.

**ORDER:** It is ordered that the appeal be sustained.